U.S. DISTRICT COURT
DISTRICT OF VERMONT
FILED

UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

2014 NOV 18  PM 2: 56

BY_____
DEPUTY CLERK

Naimo Muhudi, Fardowsa Mohamed,
and Naimo Muhudi's minor children,
L. M. and S. A.
      Plaintiff(s)

vs.                       Civil Action No: 2:14-cv-251

Michael McLaurin,
      Defendant

## COMPLAINT

### I.  This is a Civil Rights Action.

Plaintiff Naimo Muhudi is a Black, Muslim woman of Somali ancestry who lives in Burlington, Vermont. S. M. and L.A. are Ms. Muhudi's minor daughters. Plaintiff Fardowsa Mohamed is Ms. Muhudi's adult daughter but was a minor at all times relevant to this complaint. Defendant Michael McLaurin is a landlord who resides in Burlington, Vermont. Mr. McLaurin rented an apartment to Naimo Muhudi for her and her family. Mr. McLaurin violated Naimo Muhudi's and her children's federal civil rights under the Civil Rights Act of 1866 because of Ms. Muhudi's and her daughters' race and under the Fair Housing Act of 1968 because of plaintiffs' national origin, religion, or sex by engaging in ongoing harassment against Ms. Muhudi and her family. Mr. McLaurin repeatedly entered their home without notice or permission for no apparent reason; yelled at her and her children; told them that they should go back to Africa, and that they needed to act "American." He also turned off their hot water and later refused to return Ms. Muhudi's security deposit and falsely claimed that she and her children had damaged appliances and the apartment. As a result of defendant's discriminatory actions, plaintiffs

Vermont Legal Aid
264 North Winooski Ave.
P.O. Box 1367
Burlington, VT 05402
(802) 863-5620
burlmail@vtlegalaid.org

1

suffered loss of civil rights; loss of dignity; harassment; humiliation, interference with property; costs; embarrassment; and severe emotional distress. Plaintiffs seek compensatory, dignitary, and punitive damages; costs and attorneys' fees; an order requiring defendant to receive training about the prohibition against discrimination in housing; and such other relief as the Court deems just.

## II. Parties, Federal Jurisdiction, and Venue

A.  Plaintiff Naimo Muhudi is a Black, Muslim woman of Somali ancestry who lives in Burlington, Vermont.

B.  Plaintiff Fardowsa Muhudi is a 20-year-old, Black, Muslim woman of Somali ancestry and Naimo Muhudi's daughter.  She lives in Burlington, Vermont.

C.  Plaintiff S. M. is Naimo Muhudi's minor daughter.  She lives in Burlington, Vermont with her mother.

D.  Plaintiff L.A. is Naimo Muhudi's minor daughter. She lives in Burlington, Vermont with her mother.

E.  Michael McLaurin is a resident of Burlington, Vermont.

F.  The Court has jurisdiction over this matter because defendant violated plaintiff's civil rights under the Fair Housing Act of 1968, as amended, 42 U.S.C. §3601, et seq. and the Civil Rights Act of 1866, 42 U.S.C. §§1981, 1982.

## III. Facts

1.      Defendant, Michael McLaurin rented to plaintiff, Naimo Muhudi an apartment located at 76 Front Street in Burlington, Vermont from October, 2011 to October, 2012.

2.      Ms. Muhudi paid all of her rent and did no damage to the apartment.

**Vermont Legal Aid**
264 North Winooski Ave.
P.O. Box 1367
Burlington, VT 05402
(802) 863-5620
burlmail@vtlegalaid.org

2

3.     Ms. Muhudi has rented from several landlords in Vermont both before and after renting from Mr. McLaurin and has never had any problems.

4.     Throughout plaintiff's tenancy, defendant harassed plaintiff and her family by repeatedly coming into the apartment without notice or consent, sometimes after plaintiffs had gone to sleep, yelling at them so that plaintiff and her children were in constant fear of defendant.

5.     Defendant called plaintiffs "trash" and told them that they didn't deserve to immigrate to the United States, complained that their cooking smelled bad because it was African, and denigrated their religious practices, and the fact that they are African.

6.     Defendant's refusal to give notice of his intent to enter the apartment, his yelling, and his insults scared and intimidated plaintiffs.

7.     Plaintiffs were so afraid of defendant coming into the apartment while they were sleeping that initially they barricaded their bedroom doors with furniture and later began sleeping all together in one room with their clothes on.

8.     Plaintiff's youngest daughter, L.A., was so traumatized by defendant's actions that she had recurrent nightmares, talked in her sleep, and woke up crying.

9.     Defendant's refusal to give notice of his intent to enter the apartment also interfered with plaintiffs' ability to practice their religion which includes covering their hair when an unrelated man enters their home.

10.     When plaintiffs told defendant that they needed advance notice so that they could cover themselves in accord with their religion, defendant told them that they shouldn't cover themselves because they lived in America now and they needed to "act American."

**Vermont Legal Aid**
264 North Winooski Ave.
P.O. Box 1367
Burlington, VT 05402
(802) 863-5620
burlmail@vtlegalaid.org

11.     Defendant's maintenance man also entered the apartment without notice, and, while there ostensibly fixing things, drank beer in the apartment and left the bottles behind. When plaintiffs complained to defendant about the drinking, explaining that their religion prohibits alcohol in their home, defendant told them it was his house and that they needed to act American.

12.     The presence of alcohol in their home caused plaintiffs significant discomfort and embarrassment.

13.     Defendant told plaintiffs that he didn't like them praying in the apartment and told them to go to the mosque if they wanted to pray.

14.     Throughout plaintiffs' tenancy, defendant refused to fix basic health and safety issues at the apartment and turned off the hot water.

15.     When plaintiffs asked defendant to fix the hot water, defendant asked them why they needed hot water since they were from Africa.

16.     In or about August, 2012, there was a fire at the apartment. The fire was not due to due to any fault of plaintiffs.

17.     Defendant refused to pay for any of the damage to plaintiffs' belongings, and plaintiffs had to replace their belongings. Plaintiffs did have renters' insurance, but their insurance refused to pay for damage attributable to defendant as owner of the building.

18.     Defendant did not return Ms. Muhudi's security deposit when she moved out.

19.     On November 19, 2012 at a Burlington Housing Board of Review hearing, defendant falsely testified that plaintiff and her family had caused damage to the apartment; had destroyed the refrigerator and had destroyed the stove by using too much grease which he attributed to plaintiffs' "culture."

Vermont Legal Aid
264 North Winooski Ave.
P.O. Box 1367
Burlington, VT 05402
(802) 863-5620
burlmail@vtlegalaid.org

4

20.     Ms. Muhudi moved out in October of 2012 and rented an apartment at 267 North Winooski Avenue until October, 2013. While plaintiffs lived at 267 North Winooski Avenue, defendant repeatedly drove back and forth past the apartment, staring at them. Plaintiffs were so intimidated by defendant's ongoing harassment that they moved to a new apartment in a different neighborhood.

### COUNT I: RACE DISCRIMINATION IN VIOLATION OF THE CIVIL RIGHTS ACT OF 1866, 45 U.S.C. §§1981 AND 1982

21.     The meaning of the word "race" in the Civil Rights Act of 1866 is the perceived physiognomy of a person and, historically, specifically included, for example, Germans, Mongolians, Chinese, Hebrews, Greeks, and Mexicans as distinct races.

22.     Upon information and belief, defendant engaged in the unlawful acts described above because plaintiffs are Black Africans.

23.     As a result of defendant's discriminatory actions, plaintiffs suffered loss of civil rights; loss of dignity; harassment; humiliation, interference with property; costs; embarrassment; and severe emotional distress.

### COUNT II: NATIONAL ORIGIN DISCRIMINATION IN VIOLATION OF 42 U.S.C. §3604(a) AND 3604(b)

24.     Plaintiffs are of Somali ancestry.

25.     Upon information and belief, defendant engaged in the unlawful acts described above because plaintiffs are from Somalia or are African.

26.     As a result of defendant's discriminatory actions, plaintiffs suffered loss of civil rights; loss of dignity; harassment; humiliation, interference with property; costs; embarrassment; and severe emotional distress.

### COUNT III:  RELIGIOUS DISCRIMINATION IN VIOLATION OF 42 U.S.C. §3604(a) AND 3604(b)

Vermont Legal Aid
264 North Winooski Ave.
P.O. Box 1367
Burlington, VT 05402
(802) 863-5620
burlmail@vtlegalaid.org

27.    Plaintiffs are Muslim.

28.    Upon information and belief, defendant engaged in the unlawful acts described above because plaintiffs are Muslim.

29.    As a result of defendant's discriminatory actions, plaintiffs suffered loss of civil rights; loss of dignity; harassment; humiliation, interference with property; costs; embarrassment; and severe emotional distress.

COUNT IV: SEX DISCRIMINATION IN VIOLATION OF 42 U.S.C. §3604(a) AND 3604(b)

30.    Naimo Muhudi is a single woman and her daughters are girls.

31.    Upon information and belief, defendant engaged in the unlawful acts described above because plaintiffs are female, because there was no man living in the home, or both.

32.    As a result of defendant's discriminatory actions, plaintiffs suffered loss of civil rights; loss of dignity; harassment; humiliation, interference with property; costs; embarrassment; and severe emotional distress.

RELIEF

Plaintiffs seek the following relief:

A)  Compensatory, dignitary, and punitive damages for defendant's violations of plaintiffs' civil and legal rights, and for the dignitary and emotional harm suffered by plaintiffs as a result of those violations;

B) An order requiring that defendant pay for and receive a minimum of five hours of training from the Vermont Human Rights Commission about tenants' civil rights and the obligation of landlords not to unlawfully discriminate;

**Vermont Legal Aid**
264 North Winooski Ave.
P.O. Box 1367
Burlington, VT 05402
(802) 863-5620
burlmail@vtlegalaid.org

C)  Payment of plaintiffs' costs and attorneys' fees; and

D)  Other such relief as the Court deems just.

Dated in Burlington, Vermont November 18, 2014.

By Rachel A. Batterson, Esq.
Vermont Legal Aid, Inc.
P.O. Box 1367
Burlington, Vermont  05402
(802) 863-5620
rbatterson@vtlegalaid.org

**Vermont Legal Aid**
264 North Winooski Ave.
P.O. Box 1367
Burlington, VT 05402
(802) 863-5620
burlmail@vtlegalaid.org